IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **TRAVIS WAYNE TOLLEY,**<br>　　Plaintiff, | Civil Action No. 7:19CV00863 |
| v. | **ORDER** |
| **ROCKBRIDGE REGIONAL DRUG TASK FORCE, ET AL,**<br>　　Defendant(s) | By: Hon. Joel C. Hoppe<br>United States Magistrate Judge |

　　Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983. As plaintiff has not prepaid the filing fee, the court shall consider plaintiff's eligibility to proceed <u>in forma pauperis</u>. Inasmuch as the complaint and attachments do not conform to all requirements for <u>in forma pauperis</u> prisoner civil rights actions as promulgated under 28 U.S.C. § 1915(a), it is now

**O R D E R E D**

as follows:

(1)　The complaint shall be conditionally filed pending satisfaction of the requirements set forth herein. Plaintiff is advised that the court will not adjudicate legal and factual matters discussed in either a pleading or motion in this conditionally filed action until plaintiff cures the deficiencies noted in this Order. Accordingly, plaintiff is encouraged to first resolve the noted deficiencies before filing motions or pleadings.

(2)　Plaintiff is assessed fees of $400.00 in this case, which includes a $50.00 administrative fee.

(3)　Plaintiff is hereby granted **the opportunity** to apply to proceed <u>in forma pauperis</u> and is not required to pay the filing fee at this time. If the court determines that the plaintiff may proceed <u>in forma pauperis</u>, plaintiff will be required to pay the $350.00 filing fee without the additional $50.00 administrative fee and may pay the fee in installments withheld from his inmate trust account, pursuant to 28 U.S.C. § 1915(b). To request

authorization to pay the fee in installments withheld from his inmate trust account, pursuant to the requirements of 28 U.S.C. § 1915(a)(2), plaintiff must return to the court an inmate account form, and a certified copy of plaintiff's trust fund account statement for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate prison official of each prison at which plaintiff is or was confined during that six-month period.  See enclosed form.  The Trust Officer at plaintiff's place of incarceration shall treat this Order as an instruction to provide the plaintiff with additional photocopying service loans to the extent necessary to provide certified copies of the requested trust account statements.  FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED INFORMATION WITHIN THIRTY (30) DAYS SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.  This Order may be rescinded if the court determines that plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).  Plaintiff is notified that if he does not qualify to proceed without prepayment of the filing fee under § 1915(a)(2), he will be required submit the full $350.00 filing fee and as of May 1, 2013, a $50.00 administrative fee before his civil action can proceed. **Never use tape on any pleading sent to the Court.**

(4)  Plaintiff is advised that under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a federal lawsuit about conditions or events in prison.  If the defendants prove that plaintiff has not done so, the court may dismiss the action without prejudice, even after plaintiff has consented to paying the filing fee.  If plaintiff knows that all available administrative remedies were not exhausted before plaintiff submitted the complaint to the court, plaintiff may move for voluntary dismissal of this action without prejudice and file the claims in a new and separate civil action, once administrative remedies have been exhausted.

(5)     Plaintiff is advised that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee and, as of May 1, 2013, a $50.00 administrative fee, if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Plaintiff is advised that if plaintiff has had prior cases dismissed for any of the above-stated reasons, these prior dismissals may limit plaintiff's ability to file new cases without prepaying the full $400.00 in filing costs.  If plaintiff believes that this case, or any other pending case, may be dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, plaintiff may file a motion for voluntary dismissal of such case(s) pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

(6)     Plaintiff shall notify the court in writing immediately upon plaintiff's transfer or release and shall provide a new address.  FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

(7)     Pursuant to a Standing Order of Court, all non-dispositive matters in this case will be referred to a United States Magistrate Judge.

(8)     Plaintiff must include the above referenced case number in any document that plaintiff submits to the court related to this action.  Plaintiff's submissions should be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page.  In any document plaintiff submits to the court, pursuant to General Rule 8 of the Local Rules of the United States District Court for the Western District of Virginia, plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials),

dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state).  Submissions that do not comply with this paragraph may be returned to plaintiff without being entered by the court.

All mailed pleadings should be sent to: Clerk, U.S. District Court, 210 Franklin Road, S.W. Suite 540, Roanoke, VA 24011-2208.

The Clerk is directed to send a certified copy of this Order to plaintiff.

ENTER:      This 19th day of December, 2019.

/s/ Joel C. Hoppe
United States Magistrate Judge

# PRISONER TRUST ACCOUNT REPORT

Case No.  7:19CV00863

Plaintiff: TRAVIS WAYNE TOLLEY v. Defendant(s): ROCKBRIDGE REGIONAL DRUG TASK FORCE, ET AL

**THIS FORM IS FOR THE TRUST OFFICER TO FILL OUT AND RETURN TO INMATE TO SEND BACK TO THE COURT - *MAKE SURE SIX-MONTH STATEMENTS ARE INCLUDED* FROM: Clerk, United States District Court for the Western District of Virginia**

**INMATE NAME AND INMATE NO.** TRAVIS WAYNE TOLLEY, #10646256

Under the Prison Litigation Reform Act, a prisoner filing a civil action must obtain from the trust officer of each institution in which the prisoner was confined during the **preceding six-months** a certified copy of the prisoner's trust account statement for the six-months prior to the filing of the civil action. Accordingly, the trust officer is requested to complete this form, attach supporting ledger/statements, *and return these documents to the prisoner within 10 days.

Was the inmate incarcerated anywhere else besides this facility in the last six months? _____ Yes _____ No

If yes, which facility? _____

If yes, state month(s) and year(s) the inmate was incarcerated at that other facility.

_____Month(s)  _____Year(s)

**DATE THIS ACTION WAS FILED WITH THE COURT:** _____
(Example- If this case was filed in January- The court needs six-month statements for July – December)

Total Deposits for **six-months prior** to filing this action       Account Balance on last day of month for **six-months prior** to filing this action

| Month | Amount | Month | Amount |
|---|---|---|---|
| JUNE | _____ | JUNE | _____ |
| JULY | _____ | JULY | _____ |
|  | _____ |  | _____ |
|  | _____ |  | _____ |
|  | _____ |  | _____ |
|  | _____ |  | _____ |

$_____              $_____
AVERAGE MONTHLY DEPOSITS            AVERAGE MONTHLY BALANCE

I certify that the above information accurately states the deposits and balances in the prisoner's trust account for the period shown and that the attached six-month statements are true copies of account records maintained in the ordinary course of business.

**TRUST OFFICER SIGNATURE**_____**DATE:**_____

***In the event the prisoner has insufficient funds in his/her prisoner trust account to pay for copies of the required six-month statements, the facility shall provide the prisoner additional photocopying service loans.**