UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

TRAVIS WAYNE TOLLEY,            )
                                )
        *Plaintiff*             )
                                )
v.                              )        Civil Action No.:  7:19-cv-863
                                )
BEN CALDWELL, et al,            )
                                )
        *Defendants*            )

## DEFENDANT WIMER'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Defendant Troy Wimer, by counsel, files this memorandum in support of his motion for summary judgment pursuant to Rule 56, and states as follows:

Plaintiff, Travis Wayne Tolley, who is proceeding *pro se,* brought this suit against various law enforcement officers from different agencies arising out of multiple encounters occurring in 2018.  This Court issued a memorandum opinion and order on May 14, 2020 pursuant to 28 U.S.C. § 1915A(a) dismissing certain parties and claims. (ECF Doc. 12 and 13).  The only claim against this defendant is contained paragraph 19 and concerns an alleged entry into the residence in June 2018 when officers were executing an arrest warrant on another unidentified individual.

Defendant Wimer moves for summary judgment as there is no genuine issue of material fact and he is entitled to judgment as a matter of law.

TimberlakeSmith
Staunton, VA
540.885.1517

## FACTS

The following facts are based upon the Declaration of Troy Wimer attached hereto as **Exhibit A.**

Defendant Wimer is a deputy of the Sheriff of Rockbridge County and holds the rank of sergeant. (Wimer Decl ¶ 1). Sgt. Wimer is not a member of the Drug Task Force. (Wimer Decl. ¶ 2). However, on occasion, the Drug Task Force requests his assistance. (Wimer Decl. ¶ 2).

On June 16, 2018, Sgt. Wimer was asked to assist the Drug Task Force with executing an arrest warrant on Jason Wade Montgomery who resided at 491 Big Spring Drive, Lexington, VA. (Wimer Decl 3). The computer aided dispatch (CAD) report for this incident is attached to Wimer's Declaration. (Wimer Decl. ex A). The CAD system used by dispatch is a highly specialized application that allows for the coordinated communication, assignment, and tracking of Sheriff's office resources in response to calls-for-service. (Wimer Decl 4). The CAD system identifies the officers by their unit number and records the times for various activities of the units, to include when those units arrive and when they clear the call. (Wimer Decl 4). Sgt. Wimer's unit number was 2227. (Wimer Decl 4).

There is a quarter mile driveway leading up to the residence. (Wimer Decl. ¶ 5). It is steep and rough, with washed out areas and takes several minutes to traverse. (Wimer Decl. ¶ 5). Sgt. Wimer's arrival time at the residence was 15:02 per the CAD report. (Wimer Decl. ¶ 5).

Upon his arrival, Sgt. Wimer stopped his vehicle on the north side of the house at the basement door, where he observed Mr. Montgomery standing. (Wimer Decl. ¶ 6). Sgt. Wimer then arrested Mr. Montgomery. (Wimer Decl. ¶ 6). Deputy Young had just arrived and Sgt. Wimer placed Mr. Montgomery in Deputy Young's vehicle. (Wimer Decl. ¶ 6). Deputy Young was unit number 2243. (Wimer Decl. ¶ 6).

Timberlake Smith
Staunton, VA
540.885.1517

2

Sgt. Wimer confirmed that Tolley was not present outside the back door where Sgt. Wimer arrested Mr. Montgomery. (Wimer Decl. ¶ 7).  Sgt. Wimer noted that there were other members of the Drug Task Force present or arriving. (Wimer Decl. ¶ 8). He did not recall the specific individuals who were there or how many were there. (Wimer Decl. ¶ 8).

Once Sgt. Wimer executed the arrest warrant and placed Mr. Montgomery in Deputy Young's vehicle, the purpose for his presence was finished, and his continued assistance was no longer necessary. (Wimer Decl. ¶ 9). He returned to his vehicle and left the residence. (Wimer Decl. ¶ 10). Sgt. Wimer's entire involvement lasted less than 10 minutes. (Wimer Decl. ¶ 10). He does not recall entering the residence at any time, through any door, nor did he have any reason to. (Wimer Decl. ¶ 10).

Once Sgt. Wimer exited the long driveway, he cleared the call with dispatch. (Wimer Decl. ¶ 11). According to the CAD report, Sgt. Wimer cleared the call at 15:12. (Wimer Decl. ¶ 12).

Tolley claims he saw Sgt. Wimer and VSP Trooper Caldwell enter the residence during this encounter from some hidden vantage point. (Am. Compl. ¶19). Tolley claims that the officers spoke with cotenants in the house for some period of time and went room to room looking for him, even though he was not present to observe that. (Am. Compl. ¶19).

If Tolley saw another officer enter the residence that day, it was someone else. (Wimer Decl. ¶12). Sgt. Wimer was not present at the premises long enough to enter the house and speak with individuals inside the residence. (Wimer Decl. ¶12). As confirmed by the CAD report, the time Sgt. Wimer arrived at the residence to when he cleared the call was a total of 10 minutes. (Wimer Decl. ¶12). Since Sgt. Wimer cleared the call after he exited the long rough driveway, the time he actually spent at the residence was less than 10 minutes and was closer to 5-7 minutes.  (Wimer Decl. ¶12).

Timberlake**Smith**
Staunton, VA
540.885.1517

3

There is no admissible evidence in the record about what happened when the officers entered residence, including any statements or communications between the cotenants and the officers.

## ARGUMENT

### I.      Standard of review.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence. *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the adverse party fails to provide evidence establishing that the factfinder could reasonably decide in his favor, then summary judgment shall be entered regardless of proof or evidentiary requirements imposed by the substantive law. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003).

Evidence to be considered on a motion for summary judgment must be evidence that would be admissible at trial. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56 (c) 4.

While the movant bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact, this does not require the movant to produce evidence negating every claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The burden on the

Timberlake Smith
Staunton, VA
540.885.1517

moving party may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Id*. 477 U.S. at 325.

## II. Evidence of a warrantless entry alone is insufficient to meet Plaintiff's burden to establish that the entry was "unreasonable" under the Fourth Amendment.

In a § 1983 action, the plaintiff carries the burden of proof on all elements of the claim. This includes both the burden of production and persuasion. *See Figg v. Schroeder*, 312 F.3d 625, 642 (4th Cir. 2002) (noting that a plaintiff bears a heavier burden on a § 1983 claim for unreasonable seizure under the Fourth Amendment, as he must prove the illegality of the seizure). The Fourth Amendment is not violated merely because law enforcement officers lack a warrant to perform a search and seizure as there are variety of situations where warrantless searches are reasonable under the Fourth Amendment. *Crowder v. Sinyard*, 884 F.2d 804, 825 (5th Cir. 1989) *overruled on other grounds by Horton v. California*, 496 U.S. 128, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990). For a Plaintiff to establish that a search or entry was unreasonable in violation of the Fourth Amendment, a Plaintiff must prove that the officers lacked a warrant *and* lacked authorization under one of the exceptions to the warrant requirement. *Id.* Plaintiff's burden is not fulfilled by simply asserting that a search occurred, or even that a warrantless search occurred, because such a search could be within the law. *Amato v. City of Richmond,* 875 F. Supp. 1124, 1134 (E.D. Va. 1994) (granting summary judgment to defendants where plaintiff failed to meet his burden to prove that voluntary consent was not given) *aff'd mem*., 78 F.3d 578 (4th Cir.), *cert. denied*, 117 S. Ct. 167, 136 L. Ed. 2d 109 (1996)*; see also Ruggiero v. Krzeminski,* 928 F.2d 558, 563 (2nd Cir. 1991) (as to consent in 1983 action, the "ultimate risk of nonpersuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials")

Consequently, Plaintiff must present admissible evidence that Sgt. Wimer entered without a warrant *and* lacked authority under an exception to the warrant requirement. *See Amato,* 875 F. Supp.

Timberlake Smith
Staunton, VA
540.885.1517

at 1133-34 (the burden of proving involuntary consent in a 1983 action for violations of the Fourth Amendment is allocated to the plaintiffs); *see also*, *Patterson v. North Carolina,* No. 5:12-cv-182-RJC, 2015 U.S. Dist. LEXIS 3734, at *12 (W.D.N.C. Jan. 13, 2015)(granting officer summary judgment on claim of warrantless search of house and vehicle, where plaintiff averred that no consent was given to the search by his "female counterpart" but failed to produce an affidavit or declaration from her or evidence that he was present to observe whether consent to the search was given); *Der v. Connolly*, 666 F.3d 1120, 1128 (8th Cir. 2012); *Bogan v. City of Chi*., 644 F.3d 563, 570 (7th Cir. 2011); *Valance v. Wisel*, 110 F.3d 1269, 1279 (7th Cir. 1997); *Fenner v. Dawes*, 748 F. Supp. 404, 416 (E.D. Va. 1990) (the plaintiff in a § 1983 case has the burden of proving that a no-knock entry was unreasonable under the circumstances existing at the time of execution of the warrant).

Here, Plaintiff asserts that he was in hiding outside the house and saw Sgt. Wimer enter the residence with VSP Trooper Caldwell. Plaintiff asserts that since the arrest warrant was executed outside of the residence, there was no reason to enter the residence for that purpose.  Assuming for purposes of argument only, that Sgt. Wimer did enter the residence, Plaintiff acknowledges that he was not present to observe the interactions between the officers and the cotenants either at the threshold or inside the residence, as Plaintiff was hiding outside. Thus, he cannot know through personal observation whether the officers were authorized to enter based upon an exception to the warrant requirement, such as consent of one of the cotenants.

Plaintiff may assert that the cotenants did not give consent.  However, Plaintiff's supposition about any interactions or statements between the officers and the cotenants occurring inside the house are inadmissible hearsay and cannot be considered by this Court on summary judgment.  *Guessous v. Fairview Prop. Investments, LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (evidence must be admissible in order for it to be considered on summary judgment).  An affidavit or declaration used to support

6

or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Affidavits or declarations based upon inadmissible hearsay are not to be considered on summary judgment. *See* Fed. R. Civ. P. 56 (c) 4; *Whittaker v. Morgan State Univ*., 524 F. App'x 58, 60 (4th Cir. 2013); *Evans v. Techs. Applications & Serv. Co*., 80 F.3d 954, 962 (4th Cir. 1996) (summary judgment affidavits cannot be conclusory or based upon hearsay); *Davis v. Town of Tazewell*, No. 1:18CV00030, 2019 U.S. Dist. LEXIS 184676, at *15 (W.D. Va. Oct. 25, 2019)(the court may not consider inadmissible evidence in connection with summary judgment motions).

A defendant is entitled to summary judgment when there is a lack of evidence in the record to establish one or more elements of plaintiff's claim. *Celotex Corp*., 477 U.S. at 325.  Here, there is an absence of admissible evidence in the record regarding the reasons for the officers' entry into the residence or what occurred upon entry into the residence, including any statements between the officers and the cotenants. At most, Plaintiff can arguably establish a warrantless entry. However, warrantless entry alone does not state a civil *prima facie* case of unreasonableness under the Fourth Amendment as there are numerous situations where warrantless searches have been deemed by the courts to be reasonable.  In the absence of such evidence in the record, Defendant Wimer is entitled to summary judgment.

**III.**  **Plaintiff's assertions that he observed Sgt. Wimer enter the residence from some hidden position outside the residence was blatantly contradicted by the CAD report which conclusively establishes that Sgt. Wimer was not present long enough on the premises to participate in the alleged warrantless entry as alleged**.

Plaintiff claims he saw Sgt. Wimer and VSP Trooper Caldwell enter the residence from some hidden vantage point outside of the residence. Plaintiff additionally claims that the officers spoke with cotenants in the house for some period of time and went room to room looking for him, even though he was not present to observe that. If Plaintiff saw another officer enter the residence that day,

Timberlake**Smith**
Staunton, VA
540.885.1517

it was someone else. The CAD report establishes that Sgt. Wimer was not present at the premises long enough to enter the house, speak with individuals inside the residence, and search the house room to room.

The CAD system used by dispatch is a highly specialized application that allows for the coordinated communication, assignment, and tracking of Sheriff's office resources in response to calls-for-service. The CAD system identifies the officers by their unit number and records the times for various activities of the units, to include when those units arrive and when they clear the call. As confirmed by the CAD report, the time Sgt. Wimer arrived at the residence to when he cleared the call was a total of 10 minutes. Since Sgt. Wimer cleared the call after he exited the long rough driveway, the time he actually spent at the residence was less than 10 minutes and was closer to 5-7 minutes.

Within that short 5-7 minute window, Sgt. Wimer exited his vehicle, served the arrest warrant on Mr. Montgomery, took Mr. Montgomery into custody, and placed him in Deputy Young's vehicle for transport. To credit Plaintiff's version of events would require this Court to believe that in addition to all of that, Sgt. Wilmer also entered the residence with Defendant Caldwell, spoke to the cotenants, and searched the house room by room—all within that same 5-7 minute window. Plaintiff's version of events is blatantly contradicted by the CAD report which established that Sgt. Wimer was not present at the scene long enough to have entered and searched the residence as Plaintiff alleges.

When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007) (dash cam footage of vehicle pursuit overcame plaintiff's version of facts and defendant was entitled to summary judgment). This principle applies to non-video records, even in

Timberlake Smith
Staunton, VA
540.885.1517

8

the face of contradictory eyewitness testimony.  *See Robinson v. Prince George's Cty.*, 465 F. App'x 238, 240 (4th Cir. 2012)(summary judgment proper where eyewitness testimony that defendant fired the shot was conclusively discredited by evidence that officer's firearm had not been fired recently).

Dispatch or CAD reports are the type of conclusive evidence that can discredit a party's version of events on summary judgment.  *See Graham v. Gagnon*, 831 F.3d 176, 184 n.4 (4th Cir. 2016)(refusing to credit officers' "timing" of events as it was discredited by the dispatch log of radio traffic that was time-stamped, thus enabling at least a partial reconstruction of the timing of events); *see also Brown v. Cty. of San Bernardino*, 250 F. Supp. 3d 568, 591 (C.D. Cal. 2017)(summary judgment appropriate where dispatch log and the audiotapes blatantly contradict Plaintiff's assertions); *Ortiz v. Kazimer*, No. 1:11 CV 01521, 2015 U.S. Dist. LEXIS 38496, at *17 (N.D. Ohio Mar. 26, 2015)(Plaintiff's claim that *Terry* stop lasted up to 45 minutes was rejected on summary judgment where it was blatantly contradicted by the dispatch log which showed no more than twenty-two minutes).

Plaintiff's assertions that he observed Sgt. Wimer enter the residence from some hidden position outside was blatantly contradicted by the CAD report which conclusively establishes that Sgt. Wimer was not present long enough on the premises to participate in the alleged warrantless entry as alleged.  Sgt. Wimer confirms that he did not enter the residence nor had time to.  For this reason, Defendant Wimer is entitled to summary judgment.

## IV.    Qualified immunity.

Defendant Wimer is entitled to qualified immunity.  In determining qualified immunity the court must decide whether a plaintiff's facts make out a violation of a constitutional right and if so, whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 815-16 (2009). In the qualified immunity

Timberlake Smith
Staunton, VA
540.885.1517

9

context, a plaintiff maintains the burden on summary judgment to demonstrate that the facts, "when viewed in the light most favorable to the plaintiff, show that the official's conduct violated a constitutional right." *Henry v. Purnell*, 501 F.3d 374, 377 (4th Cir. 2007).

As discussed above, Plaintiff has failed to present admissible evidence establishing that the purported entry into the residence was "unreasonable" under the Fourth Amendment. Evidence of a warrantless entry alone is insufficient to establish that it was unreasonable as there are various situations where warrantless entries are deemed reasonable and thus constitutional. *See Amato*, 875 F. Supp. 1124, 1134, *aff'd mem.*, 78 F.3d 578 (4th Cir.).

Likewise, Plaintiff's evidence that he observed Sgt. Wimer enter the house is blatantly contradicted by the CAD report which establishes that Sgt. Wimer was not present long enough to arrest Montgomery *and* enter the residence, speak to the cotenants, and search the residence room by room. *See Scott v. Harris*, 550 U.S. at 380.   For these reasons, Defendant Wimer is entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendant Wimer requests that he be granted Summary Judgment and such other and further relief as the Court deems appropriate.

TROY WIMER,

By Counsel

By:   /s/ Rosalie Pemberton Fessier
      Rosalie Pemberton Fessier
      VSB # 39030
      Brittany E. Shipley
      VSB # 93767
      Attorneys for Defendants Flint & Wimer
      Timberlake**Smith**
      25 North Central Avenue
      P. O. Box 108

Timberlake**Smith**
Staunton, VA
540.885.1517

10

Staunton, VA 24402-0108
phone:  540/885-1517
fax:      540/885-4537
email:   rfessier@timberlakesmith.com
            bshipley@timberlakesmith.com

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2020, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Richard H. Milnor, Esquire
Zunka, Milnor & Carter, Ltd.
414 Park Street
Charlottesville, VA   22902
*Counsel for Buzzard*

Julian F. Harf, Esquire
Jeremy E. Carroll, Esquire
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, VA   24153
*Counsel for Gardner*

Michael A. Jagels, Esquire
Senior Assistant Attorney General
Office of the Virginia Attorney General
202 North Ninth Street
Richmond, VA   23219
*Counsel for Caldwell*

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Travis Wayne Tolley, #10646256
Albemarle-Charlottesville Regional Jail
160 Peregory Lane
Charlottesville  VA  22902

_____/s/ Rosalie Pemberton Fessier_____
Rosalie Pemberton Fessier
VSB # 39030
Brittany E. Shipley

11

TimberlakeSmith
Staunton, VA
540.885.1517

VSB # 93767
Attorneys for Defendants Flint & Wimer
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone:  540/885-1517
fax:      540/885-4537
email:   rfessier@timberlakesmith.com
             bshipley@timberlakesmith.com

Timberlake**Smith**
Staunton, VA
540.885.1517

w:\lib\tsdocs\29403\0067\00253816.docx