UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

TRAVIS WAYNE TOLLEY, )
)
   *Plaintiff* )
)
v. ) Civil Action No.: 7:19-cv-863
)
BEN CALDWELL, et al, )
)
   *Defendants* )

# DECLARATION OF TROY WIMER

I, Troy Wimer, do declare under the penalties of perjury the following:

1. I am a deputy of the Sheriff of Rockbridge County. I hold the rank of sergeant.

2. I am not a member of the Drug Task Force. However, on occasion, the Drug Task Force requests my assistance.

3. On June 16, 2018, I was asked to assist the Drug Task Force with executing an arrest warrant on Jason Wade Montgomery who resided at 491 Big Spring Drive, Lexington, VA.

4. Attached is a copy of the CAD report for this incident. CAD stands for computer aided dispatch. The CAD system used by dispatch is a highly specialized application that allows for the coordinated communication, assignment, and tracking of Sheriff's office resources in response to calls-for-service. The CAD system identifies the officers by their unit number and records the times for various activities of the units, to include when those units arrive and when they clear the call. My unit number was 2227.

TimberlakeSmith
Staunton, VA
540.885.1517



EXHIBIT A
Blumberg No. 5119

5. There is a quarter mile driveway leading up to the residence. It is steep and rough, with washed out areas and takes several minutes to traverse. My arrival time at the residence was 15:02 per the CAD report.

6. Upon my arrival, I stopped my vehicle on the north side of the house at the basement door, where I observed Mr. Montgomery standing. I then arrested Mr. Montgomery. Deputy Young had just arrived and I placed Mr. Montgomery in Deputy Young's vehicle. Deputy Young was unit number 2243.

7. Travis Tolley was not present outside the back door where I arrested Mr. Montgomery.

8. There were other members of the Drug Task Force present or arriving. I do not recall the specific individuals who were there or how many were there.

9. Once I executed the arrest warrant and placed Mr. Montgomery in Deputy Young's vehicle, the purpose of my presence was finished, and my continued assistance was no longer necessary.

10. I returned to my vehicle and left the residence. My entire involvement lasted less than 10 minutes. I do not recall entering the residence at any time, through any door, nor did I have any reason to.

11. Once I exited the long driveway, I cleared the call with dispatch. According to the CAD report, I cleared the call at 15:12.

12. I understand that Travis Tolley claims he saw me enter the residence during this encounter from some hidden vantage point. I also understand that he claims that I spoke with cotenants in the house for some period of time and went room to room looking for him, even though he was not present to observe that.

TimberlakeSmith
Staunton, VA
540.885.1517

13. If he saw another officer enter the residence that day, it was someone else. I was not present at the premises long enough to enter the house and speak with individuals inside the residence. As confirmed by the CAD report, the time I arrived at the residence to when I cleared the call was a total of 10 minutes. Since I cleared the call after I exited the long rough driveway, the time I actually spent at the residence was less than 10 minutes and was more likely close to 5-7 minutes.

[Signature page follows]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August _10_, 2020.

_____
Troy Wimer

TimberlakeSmith
Staunton, VA
540.885.1517

4

w:\lib\tsdocs\29403\0067\00253768.docx