**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| **TRAVIS WAYNE TOLLEY,** ) | |
| *Plaintiff* ) | |
| ) | |
| **v.** ) | **CASE NO. 7:19-cv-00863** |
| ) | |
| **ALAN W. BUZZARD, BEN CALDWELL,** ) | **JURY TRIAL DEMANDED** |
| **and GREG GARDNER,** ) | |
| *Defendants.* ) | |

**THIRD AMENDED COMPLAINT**

1. This action is brought by Plaintiff TRAVIS TOLLEY ("Mr. Tolley") to recover damages, fees and costs arising from the violation of his constitutional rights by the named defendants pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

2. Mr. Tolley asserts claims on the basis of repeated willful violations of his constitutional rights by the named defendants on three dates: January 10, 2018, March 1, 2018, June 21, 2018 and September 6, 2018.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the federal claims pursuant 28 U.S.C. §§1331 and 1343 as such jurisdiction arises under 42 U.S.C. §§1983 and 1985.

4. Venue is proper in this district under 28 U.S.C. §1391(b), because (i) each of the named defendants is a resident of the Western District of Virginia pursuant to to 28 U.S.C. § 1391(c)(2), and (ii) pursuant to 28 U.S.C. § 1391(b)(2) all of the events or omissions giving rise to the claim occurred in the in the Western District of Virginia.

## PARTIES

5.   Plaintiff **TRAVIS WAYNE TOLLEY** is an adult resident of Rockbridge County, Virginia and is currently incarcerated.

6.   Defendants **ALAN W. BUZZARD, BEN CALDWELL** and **GREG GARDNER** are each law-enforcement officers and were each. at all time relevant to this Second Amended Complaint, members of the Rockbridge Regional Drug Task Force.

## FACTS

### I.  THE EVENTS OF JANUARY 10, 2018

7.   The defendants executed a search warrant on January 10, 2018 at the home the defendant owns in Lexington, Virginia.

8.   During the execution of the search warrant, the defendant, acting jointly and in concert, unlawfully seized items outside of the scope of the search warrant; namely a JVC digital audio recorder and a TV monitor.

9.   While the TV monitor was listed on the search warrant inventory, the digital audio recorder was not listed.

10. The JVC audio recorder was mounted to the interior of the wall and was recording when the defendants discovered it.  GARDNER identified himself by speaking into the recorder and then seized it.  This device contained personal and private information, including recordings of private sexual activity between Mr. Tolley and his girlfriend.

11. The officers also pulled the wires out of security cameras inside the home in order to conceal their unlawful conduct.

12. Several officers returned the JVC digital audio recorder to Mr. Tolley a few days later and

apologized for taking it.  Mr. Tolley discovered that the device had been altered to prevent him from editing the recording.

13. The seizure of these items was motivated by defendant Gardner's prurient interest in Mr. Tolley's girlfriend.

14. The seizure of these items was unreasonable and violated Mr. Tolley's Fourth Amendment right to privacy.

15. Mr. Tolley was arrested on a drug charge at the scene.

16. There were many officers at the scene with regular patrol cars that were available to transport Mr. Tolley to the magistrate for booking.  There was also a transport van that held a vicious police K-9 unit.

17. When Mr. Tolley expressed his fear of dogs, CALDWELL demanded that Mr. Tolley be transported in the van and deliberately placed Mr. Tolley in the van in such a manner that the dog was only a few inches away from him behind a thin plexiglass divider.

18. Mr. Tolley pleaded with CALDWELL to avoid riding with the dog, but CALDWELL insisted out of cruelty.

19. The dog continuously attempted to attack Mr. Tolley in the van during the ride to the magistrate by lunging at the plexiglass divider.  Mr. Tolley was terrified.

## II.  THE EVENTS OF MARCH 1, 2018

20.  On or before March 1, 2018, GARDNER had been engaged in a sexual relationship with Mr. Tolley's girlfriend.

21. On March 1, 2018, Mr. Tolley's former girlfriend Amber Atkins was pulled over by law-enforcement officers and was pressured to provide information against Mr. Tolley.  She

provided false information in response to this pressure.

22. During the traffic stop of Amber Atkins, several dozen needles were seized from Amber Atkins' car.

23. A search warrant was obtained to search Mr. Tolley's home on the basis of the false information provided by Amber Atkins and the search warrant was executed in the evening of March 1, 2018.

24. Shortly before the search warrant was executed, Mr. Tolley burned some trash in a barrel and went inside to shower.  The trash in the barrel was burning brightly enough to disable a thermal imaging device that the law-enforcement officers attempted to use when they arrived a few minutes later to execute the search warrant.

25. The officers that executed the search warrant did so without announcing themselves and threw a flash grenade through the window before kicking in the door to the home.

26. Mr. Tolley was taking a shower when the officers broke into his home.  He was seized by officers as he stepped out of the shower naked.

27. Mr. Tolley was handcuffed behind his back and was taken naked to his living room, where he stood while a large crowd of law-enforcement officers entered and left his home while the search was conducted.

28. The defendants mocked, laughed and berated Mr. Tolley as he stood naked in handcuffs while his home was searched.

29. Mr. Tolley had a canvas mounted on his wall with religious content, including Psalm 143:2 and he also had citations to Deuteronomy 6:6-9 placed above the doors in his home.

30. Eventually GARDNER placed shorts on Mr. Tolley, but did so in manner to humiliate Mr. Tolley by taking up a position inches away from his penis.

31. Upon discovering the canvas and the Bible verses, CALDWELL and BUZZARD mocked and berated Mr. Tolley as he stood naked and cuffed.

32.  CALDWELL told Mr. Tolley that "you're not a preacher boy" and demanded that Mr. Tolley recite Psalm 23.  When Mr. Tolley complied, CALDWELL said "you make me sick."

33. BUZZARD said to Mr. Tolley, "you're not a Christian because you're a drug addict." BUZZARD stated that he was willing to stand in front of God and asked Mr. Tolley if he was willing to do the same.

34. While Mr. Tolley stood handcuffed and naked, his iPhone rang and BUZZARD and CALDWELL could see that Mr. Tolley's girlfriend was calling him.  Both BUZZARD and CALDWELL unlawfully seized the iPhone and attempted to unlock it.

35. BUZZARD was particularly angered by the canvas on the wall and directed the other law-enforcement officers to examine it because he was offended by it.

36. Mr. Tolley repeated requested that he be allowed to dress.  These requests were denied.

37. Mr. Tolley was forced to stand naked and handcuffed in his living room for more than thirty minutes as the law-enforcement officers vainly searched his home for contraband.

38. The officers deliberately detained Mr. Tolley and forced him stand naked and handcuffed long after they had secured the premises and in order to deliberately humiliate him.

39. There was no need to prevent Mr. Tolley from dressing in order to protect anyone's safety.

40. After the search of the home proved fruitless, CALDWELL and the officer in charge of the thermal imaging device discussed in low voices their disappointment that the search failed to product contraband.

41. After their discussion, the officer who operated the thermal imaging device went outside and yelled "I found something."  This officer claimed to have found a hypodermic needle in the burn barrel.

42. It was not possible for the plastic hypodermic needle to have survived in the burn barrel for more than half and hour while the house was being searched.

43. The officers, including the named defendants, acting jointly and in concert, conspired to either plant or to falsify the discovery of the needle.

44. Mr. Tolley was not charged with any crime.

45. All of the officers except BUZZARD left the home.

46. BUZZARD approached Mr. Tolley and said, "Every day when you get off of work, I want you to think of me.  Every time you sit down, I want you to picture me.  Every time you fall asleep, I want you to remember what it sounds like when I kick your door in."  BUZZARD then yelled "Pow!" so loudly that Mr. Tolley jumped.

47. BUZZARD then unlocked the handcuffs and went outside where he "high-fived" other officers before the officers drove away.

48. BUZZARD ripped the canvas from the wall and destroyed it.

49. Mr. Tolley discovered that the defendants had taken one of his religious DVD's and taped it to the wall with black tape as a clear message of desecration and intimidation.

### III.  THE EVENTS OF JUNE 21, 2018

50.  On June 21, 2018, Mr. Tolley received a call that the police were on the way to his home.

51. Mr. Tolley left the home and observed from hiding at a distance.

52. CALDWELL and BUZZARD arrived with several officers.  BUZZARD remained in the car while CALDWELL went to the home.

53. The officers arrested a tenant outside the home.

54. CALDWELL without a valid warrant, then entered Mr. Tolley's home and began searching it.

55. Mr. Tolley's brother was in the home and CALDWELL demanded to know where Mr. Tolley was.

56. Mr. Tolley's brother reported that he did not know if Mr. Tolley was inside the home.

57. CALDWELL forced Mr. Tolley's brother to go from room to room inside the home, stating that Mr. Tolley "was high somewhere in the house hiding with with his little dick in his hand."

### IV.  THE EVENTS OF SEPTEMBER 6, 2018

58.  Mr. Tolley was arrested on a drug charge on September 6, 2018 at his home.

59. After arresting him, law-enforcement officers, including the named defendants, entered Mr. Tolley's home without consent and without a warrant, where they conducted a search.

60. Realizing that their violation of Mr. Tolley's rights would be scrutinized, they obtained a search warrant more than three hours after Mr. Tolley was arrested and after they had already unlawfully searched his home.

61. During the search of the home after execution of the search warrant, the defendants,

-7-

acting jointly and in concert, unlawfully seized a digital video recorder (Cobra DVR) that

was outside of the scope of the search warrant.

## V.  THE EVENTS OF JULY 5, 2020

62.  On July 5, 2020, BUZZARD encountered Jasmine Lawhorne, a lady who BUZZARD

knew has a child with Mr. Tolley.

63. BUZZARD told Jasmine Lawhorne to let Mr. Tolley know that if he didn't drop his

lawsuit against BUZZARD, that BUZZARD would bring more charges against him.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS: UNLAWFUL SEARCH AND SEIZURE OF PROPERTY IN VIOLATION OF THE  FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

### (42 U.S.C. § 1983 - 4th and 14th Amendments)

64.  All previous paragraphs of this complaint are incorporated herein by reference and are

re-alleged as if restated.

65.  The Fourth Amendment prohibits unreasonable warrantless searches of homes.

66. The Fourth Amendment also prohibits unlawful seizures.

67. The Fourth Amendment has been incorporated by the Fourteenth Amendment to prevent

state actors from conducting unreasonable warrantless searches of homes.

68. Each of the defendants, acting jointly and in concert, violated Mr. Tolley's Fourth

Amendment right to privacy by searching his home as described above.

69. Each of the defendants, acting jointly and in concert, violated Mr. Tolley's Fourth

Amendment right by unlawfully seizing and destroying his property as described above.

-8-

70.  The actions and statements of the defendants evince clear malice and deliberate indifference to Mr. Tolley's rights.

## SECOND CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS:  UNLAWFUL DETENTION BY THE DEFENDANTS**

**(42 U.S.C. § 1983/4th and 14th Amendments)**

71.  All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

72.  Mr. Tolley was unlawfully seized in violation of his Fourth Amendment right to liberty when he was forced to stand naked and handcuffed in his living room for more than half an hour while his home was searched and while the officers laughed at him and mocked him.

## THIRD CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS:  UNLAWFUL LIMITATION OF RELIGIOUS FREEDOM BY THE DEFENDANTS**

**(42 U.S.C. § 1983/1st and 14th Amendments)**

73. All previous paragraphs of this complaint are incorporated herein by reference and are re-alleged as if restated.

74. The First Amendment's protection of religious liberty has been incorporated by the Fourteenth Amendment.

75. The defendants, acting jointly and in concert, violated Mr. Tolley's First Amendment right to free exercise of his religious beliefs when they (i) forced him to recite a Bible verse while he was dressed only in shorts and handcuffed, (ii) denigrated his religious beliefs and mocked him for them, and (iii) destroyed property that contained religious

content.

**WHEREFORE** your Plaintiff, Travis Wayne Tolley, requests that this Court grant him the following relief:

(a)     Judgment against each of defendants, jointly and severally, in the amount of TEN MILLION DOLLARS ($10,000,000.00) and such additional damages as may be proven at trial.

(b)     Punitive damages from each of the defendants in amount proven upon trial;

(c)     Costs and expenses, including reasonable attorney's fees;

(d)     Injunctive relief to prevent further unlawful conduct;

(e)     All such other legal and equitable relief as this Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

**TRAVIS WAYNE TOLLEY**
**By Counsel**

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**

**By: /s/ M. Paul Valois**
    **M. Paul Valois, Esquire**
    **Counsel for Plaintiff**
    **Virginia State Bar No. 72326**

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing using the CM/ECF system on this 21st day of October, 2020, which will deliver and serve a copy upon all counsel of record.

/s/ M. Paul Valois
