IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

TRAVIS WAYNE TOLLEY,
    *Plaintiff*

v.      Civil Action No. 7:19-cv-00863

ALAN W. BUZZARD, BEN CALDWELL,
and GREG GARDNER,

    *Defendants*.

### BRIEF IN SUPPORT OF DETECTIVE ALAN BUZZARD'S MOTION TO DISMISS TOLLEY'S SECOND AND THIRD CAUSE OF ACTION

Comes now your Defendant, Alan W. Buzzard, ("Detective Buzzard"), by counsel, and submits the following Brief in Support of his Rule 12(b)(6) F.R.C.P. Motion to Dismiss Plaintiff Travis Wayne Tolley's ("Tolley") attempted Fourth Amendment "unlawful detention" claim entitled "Second Cause of Action" and attempted First Amendment Free Exercise of Religion claim entitled "Third Cause of Action" in his now Third Amended Complaint (Doc. #69):

### FACTS PLED

1.     <u>Facts Alleged as to Second Cause of Action:</u>

In Tolley's Third Amended Complaint, (Doc. #69), he attempts to allege a Fourth Amendment "unlawful detention" claim against Detective Alan Buzzard and two other Defendants. Tolley alleges in conclusory fashion that on March 1, 2018, the Defendants:

> "unlawfully seized in violation of his Fourth Amendment right to liberty when he was forced to stand naked and handcuffed in his living room for more than half an hour while his home was searched and while the officers laughed at him and mocked him." (Doc. #69, ¶72).

In ¶71 of his Third Amended Complaint, Tolley incorporates by reference preceding factual allegations in his complaint as the basis of his attempted Fourth Amendment claim.

Tolley attempts to support his Fourth Amendment "Second Cause of Action" claim with the following factual allegations pertaining to conduct of **other** officers (not named as defendants):

¶24. Shortly before the search warrant was executed, Mr. Tolley burned some trash in a barrel and went inside to shower. The trash in the barrel was burning brightly enough to disable a thermal imaging device that the law-enforcement officers attempted to use when they arrived a few minutes later to execute the search warrant.

¶25. The officers that executed the search warrant did so without announcing themselves and threw a flash grenade through the window before kicking in the door to the home.

He then alleges that the non-defendant officers actually seized him;

¶26. Mr. Tolley was taking a shower when the officers broke into his home. He was seized by officers as he stepped out of the shower naked.

¶27. Mr. Tolley was handcuffed behind his back and was taken naked to his living room, where he stood while a large crowd of law-enforcement officers entered and left his home while the search was conducted.

¶28. The defendants mocked, laughed and berated Mr. Tolley as he stood naked in handcuffs while his home was searched.

He then alleges as to Co-Defendant Gardner:

¶30. Eventually GARDNER placed shorts on Mr. Tolley, but did so in a manner to humiliate Mr. Tolley by taking up a position inches away from his penis.

He goes on to add a time period allegation that the generic "defendants" required him to stand naked and handcuffed in his living room- he does not identify by whom - for more than thirty minutes while officers searched his home. In a conclusory fashion, Mr. Tolley claims – without alleging any facts in support – that there was no need to prevent him from dressing in order to protect anyone's safety, alleging that:

¶36. Mr. Tolley repeated requested that he be allowed to dress. These requests were denied.

(Tolley does not allege that he asked Buzzard to allow him to dress and does not allege that Buzzard denied the request).

2

>¶37. Mr. Tolley was forced to stand naked and handcuffed in his living room for more than thirty minutes as the law-enforcement officers vainly searched his home for contraband.
>
>¶38. The officers deliberately detained Mr. Tolley and forced him stand naked and handcuffed long after they had secured the premises and in order to deliberately humiliate him.

In his Third Amended Complaint Tolley does not allege that Buzzard, or any other defendant for that matter, applied any force to him, does not allege that he was ever touched by Buzzard, nor does he allege that anyone other than law-enforcement officers were present while he waited naked in handcuffs for thirty minutes while law-enforcement officers searched his entire home searching for items listed in the search warrant and anyone else who might be present.

He asserts in conclusory fashion without any factual support that:

>¶39. There was no need to prevent Mr. Tolley from dressing in order to protect anyone's safety.

As to Buzzard specifically, he stakes his Fourth Amendment claim on a single "mocking" allegation that, "BUZZARD said to Mr. Tolley, 'you're not a Christian because you're a drug addict.' BUZZARD stated that he was willing to stand in front of God and asked Mr. Tolley if he was willing to do the same." (Doc. #69 ¶33).

2. Facts Alleged as to Third Cause of Action:

In Tolley's Third Amended Complaint, (Doc. #69), he attempts to allege a First Amendment Free Exercise of Religion claim against Detective Alan Buzzard and the other named Defendants as his "Third Cause of Action." Tolley alleges in conclusory fashion that the Defendants:

>"violated Mr. Tolley's First Amendment right to free exercise of religious beliefs when they (i) forced him to recite a Bible verse while he was dressed only in shorts and handcuffed, (ii) denigrated his religious beliefs and mocked him for them, and (iii) destroyed property that contained religious content". (Doc. #69 ¶75).

3

In ¶73 of his Third Amended Complaint, Tolley incorporates by reference preceding factual allegations in his complaint as the basis of his attempted First Amendment claim (as opposed to legal conclusions which the Court does not consider a ruling on Defendant's Motion to Dismiss).

As to Defendant Buzzard, Tolley stakes his attempted First Amendment free exercise claim on allegations that on March 1, 2018 during execution of a Search Warrant by Detective Buzzard:

> ¶29. Mr. Tolley had a canvas mounted on his wall with religious content, including Psalm 143:2 and he also had citations to Deuteronomy 6:6-9 placed above the doors in his home;

> ¶31. Upon discovering the canvas and the Bible verses, CALDWELL and BUZZARD mocked and berated Mr. Tolley as he stood naked and cuffed.

> ¶32. CALDWELL told Mr. Tolley that "you're not a preacher boy" and demanded that Mr. Tolley recite Psalm 23. When Mr. Tolley complied, CALDWELL said "you make me sick."

> ¶33. BUZZARD said to Mr. Tolley, "you're not a Christian because you're a drug addict." BUZZARD stated that he was willing to stand in front of God and asked Mr. Tolley if he was willing to do the same.

> ¶48. BUZZARD ripped the canvas from the wall and destroyed it.

> ¶49. Mr. Tolley discovered that the defendants had taken one of his religious DVD's and taped it to the wall with black tape as a clear message of desecration and intimidation.

### STANDARD OF REVIEW FOR MOTION TO DISMISS UNDER RULE 12(b)(6) F.R.C.P. MOTION FOR FAILURE TO STATE A PLAUSIBLE CLAIM FOR RELIEF

In order to survive a Rule 12(b)(6) F.R.C.P. motion, the Plaintiffs' Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint's factual allegations must produce an inference of liability strong enough to push the Plaintiffs' claims "across the line from conceivable to plausible". *Iqbal* at 683. Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), not only must the Complaint contain facts sufficient to state a claim for relief that is plausible on its face, the

Complaint's "factual allegations must be enough to raise a right to relief above the speculative level". *Twombly* at 555.  When a complaint pleads facts that are merely "consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief". *Twombly* at 557.  In *Iqbal*, the United States Supreme Court stated that two working principles underlie its earlier decision in *Twombly*.  While a court reviewing a Rule 12(b)(6) motion must accept as true all of the factual allegations contained in a complaint, **it is not bound to accept legal conclusions, including those couched as factual allegations.** (emphasis supplied) *Iqbal* at 679.  Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Iqbal* at 679; *Twombly* at 556.  In determining whether a complaint states a plausible claim for relief, the court engages in a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense".  *Iqbal* at 679.  Finally, where actual "well pleaded facts" do not permit the Court to infer more than the mere "possibility of misconduct", the pleader is not entitled to relief.  *Iqbal* at 679.  Mere formulaic recitals of the elements of a cause of action supported by mere conclusory statements do not suffice to state a plausible claim for relief.  *Iqbal* at 678.

In order to state a plausible claim against an individual the complaint must plead how each individual acted personally in any claimed deprivation of constitutional rights. In *Williamson v. Stirling*, 912 F.3d 154 (4th Cir. 2018) the Fourth Circuit reaffirmed that while "Section 1983 authorizes a plaintiff to sue for an alleged deprivation of a federal constitutional right by an official acting "under color of" state law. See *Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), in order to establish personal liability under § 1983, however, the plaintiff must "affirmatively show[ ] that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks omitted). That is, the official's "own individual actions" must have "violated the Constitution." See *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct.

1937, 173 L.Ed. 2d 868 (2009). Importantly, mere knowledge of such a deprivation does not suffice. *Wright*, 766 F.2d at 850." *Williamson* at 171.

As this Court previously noted under §1983, liability is "personal, based upon each defendant's personal involvement." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). See also *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under §1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights).

### ARGUMENT AS TO FOURTH AMENDMENT SECOND CAUSE OF CATION

Based on the only actions alleged against Buzzard specifically in Tolley's Third Amended Complaint "Second Cause of Action," while troubling, no plausible claim for relief of an "unlawful seizure" by Buzzard under the Fourth Amendment is stated.

Law-enforcement officers executing a search warrant in a home may detain the occupants while they conduct the search. *LA County v. Rettele*, 550 U.S. 609, 613 (2007). Such a detention "represents only an incremental intrusion on personal liberties," which is balanced against "preventing flight in the event that incriminating evidence is found; minimizing risk to officers; and facilitating the orderly completion of the search." *Rettele*, 550 U.S. at 613-614. Determining whether a detention violates the Fourth Amendment hinges on a test of objective reasonableness. *Id*. at 614. Police officers may take reasonable actions to secure the premises during a search, and ensure their own safety and the efficacy of the search. *Id*.

Encountering naked occupants of a home, especially someone coming out of the shower, during the execution of a search warrant is not novel. A police officer in that scenario does not violate the Fourth Amendment by requiring a naked individual to remain naked for some period of time. *See*,

6

e.g., *Rettele*, 550 U.S. at 615. Rather, whether the officers' actions violate the Fourth Amendment is a context-specific and highly dependent on the circumstances of each particular case.

While Tolley in his Third Amended Complaint adds allegations in Paragraphs 36-39 which on their face seem to match some of the predicate facts in *Hutchinson v. Lemmon*, 436 Fed.Appx. 210 (4th Cir. 2011), a number of contextually critical facts present in *Hutchinson* are not present in Tolley's complaint, i.e.: that the person seized by a male law-enforcement officer was a female who drew firearms on her to seize her and forcibly grabbed her by the hair and pushed her naked to the ground. As opposed to *Hutchinson*, there is no allegation by Tolley that when he was taken to his own living room that he was forcibly required to lie naked face-down alongside anyone, not to mention a person of the opposite sex as opposed to *Hutchinson* and no one other than law-enforcement officers involved in the search is alleged to have been present. Tolley does allege that he asked to be allowed to put his clothes on and that that request was denied. He does not identify Buzzard as having been asked nor having denied his claimed request. He admits shorts were put on him by another defendant but complains that it took too long. His Fourth Amendment Complaint is grounded on his allegation that he was mocked and required to stand naked during the time the officers searched his entire home pursuant to the search warrant "vainly" for items within the scope listed in the search warrant. While Tolley alleges in ¶39 of his Third Amendment Complaint that "there was no need to prevent Mr. Tolley from dressing in order to protect anyone's safety" he does not allege facts in support of that conclusion and the Court is not bound to accept the conclusory allegation couched as a factual allegation in ruling on a Motion to Dismiss. *Iqbal* at 679.

In order to establish personal liability of Defendant Detective Alan Buzzard for any claimed constitutional violation, including under the Fourth Amendment, Tolley must affirmatively allege how Buzzard acted personally in the deprivation of the claimed constitutional violation. *Williamson*

*v. Stirling*, 712 F.3d. 154 (4th Cir. 2018). (*See also Wilcox v. Brown,* 877 F.3d. 161, 170 (4th Cir. 2017) explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charge acted personally" in the violation of Plaintiff's rights). Although Tolley was advised of this requirement before filing his now Third Amended Complaint, he failed to do so. Tolley simply alleges in his Complaint that an unnamed non-defendant law-enforcement officer while executing a search warrant on March 1, 2018 (which he does not challenge) after knocking on the door to his house (Doc. #69 ¶25) seized him as "he stepped out of the shower naked" (Doc. #69 ¶26) and then took him to the living room and then left him there. (Doc. #69 ¶27). As to Defendant Buzzard, the only actions Tolley alleges, largely in conclusory fashion, are that Buzzard "mocked and berated him…as he stood naked and handcuffed in his living room for more than thirty minutes" while searching his residence (Doc. #69 ¶37) before Co-Defendant Gardner put shorts on him. (Doc. #69 ¶30). As to Defendant Buzzard, Tolley claims only as to Buzzard that he "mocked and berated him" (Doc. #69 ¶31) by telling him "you're not a Christian because you're a drug addict" and then "Buzzard stated that he was willing to stand in front of God and asked Mr. Tolley if he was willing to do the same." (Doc. #69 ¶33). Tolley does not allege that anyone other than law-enforcement officers who participated in the execution of the search warrant were present in his home on March 1, 2018, and unlike in *Hutchinson*, he does not allege that Buzzard touched him in any offensive manner.

      The only actions alleged by Tolley against Buzzard in the Third Amended Complaint "Second Cause of Action," while troubling, pale in comparison to the facts in *Hutchinson* and do not state a plausible claim for relief of an unlawful seizure under the Fourth Amendment. Under *Rettele*, the unnamed officers initially entering the house to execute the search warrant had a right to seize him for a reasonable period of time while they searched "vainly," as Tolley claims (¶72 and ¶37), and any

8

actions attributed to Buzzard in the complaint pale in comparison to the allegations in *Hutchinson* and do not, when objectively viewed, state a plausible claim of a violation of the Fourth Amendment.

## ARGUMENT AS TO FIRST AMENDMENT FREE EXERCISE THIRD CAUSE OF ACTION

In order to state a plausible First Amendment free exercise claim, Tolley must allege – which he does not – that Buzzard's actions placed a "substantial burden" on Tolley's exercise of religion. *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981), *Wisconsin v. Yoder*, 406 U.S. 205, 218 (1972). Tolley does not allege in his Third Cause of Action that Buzzard, or for that matter any other defendant, placed a substantial burden or any burden on his observation of a religious practice. Nor does Tolley allege that Buzzard conditioned any benefit upon conduct prescribed by Tolley's religious faith or put any pressure on him to violate professed religious beliefs. *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981). While Tolley alleges in ¶48 and ¶29 that Buzzard ripped a canvas mounted on his wall which allegedly contained religious content and destroyed it and in ¶49 that one of the defendants (unidentified in the complaint) taped one of his religious DVD's to his wall with black tape, he does not allege how the claimed loss of the canvas containing an alleged verse from Psalms or the DVD taped to his wall placed any, not to mention a substantial, burden on the practice of his religion. Tolley does not allege that the claimed destruction of his canvas prevented him from participating in prayer or why a copy of Psalm 143:2 would not suffice. In fact, Tolley alleges in ¶32 of his Third Amended Complaint that on March 1, 2018, he recited Psalm 23 apparently from memory to co-defendant Caldwell. As the District Court noted in *Miller v. Ferguson*, 2019 WL 4933404 (PA 2019) in response to a similar allegation, "while troubling, the allegation of wrongful conduct does not rise to a level of constitutional dimension merely because the destroyed property was used by Miller for religious observance."

While a gratuitous destruction of the canvas (denied by Det. Buzzard) during the March 1, 2018 execution of a search warrant could potentially support a Fourth Amendment claim such as in Tolley's "First Cause of Action" in his Third Amended Complaint, under *Cybernet v. Davis*, 954 F.3d. 162 (4th Cir. 2020), the factual allegations of conduct attributed to Buzzard's in Tolley's Third Amended Complaint do not state a plausible First Amendment free exercise of religion claim against Buzzard.

## DETECTIVE ALAN W. BUZZARD IS ENTITLED TO QUALIFIED IMMUNITY

Detective Buzzard is entitled to qualified immunity as to all claims asserted by Tolley as to Tolley's "Second Cause of Action" Fourth Amendment claims and "Third Cause of Action" First Amendment Free Exercise claim at the pleadings stage because he did not violate a clearly established right based on the specific allegations as to him. Qualified immunity provides immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). **Thus, it should be resolved at the earliest possible stage of litigation.** *Anderson v. Creighton*, 483 U.S. 635, 646, n.6 (1987) (emphasis added). Indeed, qualified immunity "is effectively lost if a case is erroneously permitted to go to trial." *White v. Pauly*, 137 S. Ct. 548, 551-52 (2017). **The safe harbor of qualified immunity ensures that public employees will not be liable for bad guesses in gray areas, but only for transgressing bright lines.** *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992) (emphasis added).

The Supreme Court has outlined a two-pronged test governing qualified immunity. The first prong considers whether the facts, viewed in the light most favorable to the plaintiff, make out a violation of a Constitutional right. If they do, the second prong considers whether the constitutional right in question was "clearly established" at the time of the defendants' alleged violation. *Pearson v.*

*Callahan*, 555 U.S. 223, 231-32 (2009). The Court has discretion to determine which prong to address first. *Hunsberger v. Wood*, 570 F.3d 546, 552 (4th Cir. 2009).

A clearly established right is not discussed in a generalized fashion, but instead must be defined at a high level of particularity. *Wilson v. Kittoe*, 337 F.3d 392, 403 (4th Cir. 2003). The Supreme Court recently reiterated that **"clearly established law must be 'particularized' to the facts of the case…[o]therwise, plaintiffs would be able to convert the rule of qualified immunity…into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights."** *White*, 137 S. Ct. 548, 552 (2017) (emphasis added).

> [A] court must ask whether it would have been clear to a reasonable officer that the alleged conduct "was unlawful in the situation he confronted.",,, If so, then the defendant officer must have been either incompetent or else a knowing violator of the law, and thus not entitled to qualified immunity. If not, however–*i.e.*, if a reasonable officer might not have known for certain that the conduct was unlawful–then the officer is immune from liability.

*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017).

WHEREFORE, your Defendant moves the Court to grant his previously filed its Rule 12(b)(6) F.R.C.P. Motion to Dismiss Tolley's "Second Cause of Action" and "Third Cause of Action" in the Third Amended Complaint, with prejudice.

ALAN W. BUZZARD<br>
By Counsel

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street
P O Box 1567
Charlottesville VA 22902
Telephone: (434) 977-0191
Facsimile:  (434) 977-0198

rmilnor@zmc-law.com
    *Counsel for Alan W. Buzzard*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, 2020, I electronically filed the foregoing Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street
P O Box 1567
Charlottesville VA 22902
Telephone: (434) 977-0191
Facsimile: (434) 977-0198
rmilnor@zmc-law.com
    *Counsel for Alan W. Buzzard*