IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS WAYNE TOLLEY,<br>    *Plaintiff* | )<br>)<br>) |
| v. | )   CASE NO. 7:19-cv-00863<br>) |
| ALAN W. BUZZARD | )<br>) |
| and | )<br>) |
| BEN CALDWELL | )<br>) |
| and | )<br>) |
| GREG GARDNER<br>    *Defendants.* | )<br>) |

### PLAINTIFF TRAVIS WAYNE TOLLEY'S MEMORANDUM IN OPPOSITION TO DEFENDANT ALAN W. BUZZARD'S MOTION TO DISMISS (ECF 70)

### LEGAL STANDARD

"A motion to dismiss can only be granted if there is no set of facts that would entitle plaintiffs to a verdict on the claims in issue. Applicable standards state that the facts alleged in the complaint are accepted as true." *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974); *Franks v. Ross*, 313 F.3d 184,192 (4th Cir. 2002). "In addition, all reasonable inferences must be made in favor of plaintiffs. *Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969); *MacKethan v. Peat. Marwick. Mitchell & Co.*, 439 F. Supp. 1090 (E.D. Va. 1977). A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim." Id. (citing *Twombly*, 550 U.S. at 556)

**ARGUMENT AND AUTHORITIES**

I. **THE PLAINTIFF ALLEGED FACTS SUFFICIENT TO STATE A PLAUSIBLE CLAIM AGAINST DEFENDANT BUZZARD IN COUNT TWO OF THE THIRD AMENDED COMPLAINT.**

Count Two of the Third Amended Complaint ("TAC") alleges that defendant Buzzard, acting jointly and in concert with the other defendants, violated Mr. Tolley's Fourth Amendment rights by unlawfully detaining him. Mr. Tolley specifically alleged that defendant Buzzard (i) participated in a unlawful search and seizure of an iPhone with another defendant while Mr. Tolley was handcuffed and naked, (ii) mocked and berated him when there was no legitimate reason to require him to stand naked for more than half an hour and (iii) threatened and intimidated him while he was handcuffed before releasing him from the handcuffs. TAC ¶¶ 27-47 These facts are sufficient to state a plausible claim that defendant Buzzard, acting jointly and in concert with the other defendants, unlawfully detained Mr. Tolley.

Defendant Buzzard contends that the genders of the officers who detained Mr. Tolley are relevant in some regard. However, the genders, or the gender identities, of the officers who were present at the scene have no relevance whatsoever with regard to the humiliation Mr. Tolley suffered when the defendants, including defendant Buzzard, forced him stand naked while they mocked him and berated him, while Buzzard detained him while another defendant forced him to recite a Bible verse against his will, and while Buzzard unlawfully destroyed his property.

It is true, as defendant Buzzard notes in support of his motion to dismiss, that Mr. Tolley is required to plead facts sufficient to show that Buzzard was personally involved. But Mr. Tolley has done precisely that. When Mr. Tolley alleged that defendant Buzzard acted jointly

and in concert with other defendants to violate his rights by particular means, he alleged defendant Buzzard's personal involvement in those acts, not in a general or conclusory manner, but in a specific and particular manner.  An allegation of concert of action is an allegation of personal participation in the action, and a defendant is not absolved of personal responsibility for misconduct because he works in concert with other defendants.

Mr. Tolley alleged with particularity that Mr. Tolley was detained and kept naked long after the officers had secured the premises and he also alleged that there was no need to prevent Mr. Tolley from dressing.  TAC ¶¶ 37 and 38  He further alleged that he was detained until defendant Buzzard released him (after threatening and intimidating him).  The question to be decided pursuant to *La. County v. Rettele*[1], as defendant Buzzard concedes, is context-specific.  Specifically, the issue is whether "special circumstances, or possibly a prolonged detention" rendered Mr. Tolley's detention unlawful.  The Third Amended Complaint alleges both special circumstances (deliberately forcing Mr. Tolley to stand naked in the face of mocking and humiliation) and a needlessly prolonged detention.  Thus, Count Two of the Third Amended Complaint states a plausible claim against defendant Buzzard.

II. **THE PLAINTIFF ALLEGED FACTS SUFFICIENT TO STATE A PLAUSIBLE CLAIM AGAINST DEFENDANT BUZZARD IN COUNT THREE OF THE THIRD AMENDED COMPLAINT.**

Count Three of the Third Amended Complaint alleges that defendant Buzzard, acting jointly and in concert with the other defendants, deprived Mr. Tolley of his his right to free exercise of religion.  Defendant Buzzard asserts that assisting another defendant in forcing a handcuffed and naked defendant, against his will, to recite a particular Bible verse after

---

[1]   550 U.S. 609  (2009)

mocking him and berating his religious belief, is not a substantial governmental intrusion upon religious liberty.

Mr. Tolley alleges that defendant Buzzard mocked his religious belief and destroyed his property, and that Buzzard worked in concert with defendant Caldwell, who compelled Mr. Tolley to engage in religious speech against his will. This was simply an egregious and intolerable intrusion into Mr. Tolley's right to the free exercise of his religious beliefs. See, *Abington School Dist. v. Schempp, 374 U.S. 203* (1963) Thus, Count Three of the Third Amended Complaint states a plausible claim against defendant Buzzard.

## CONCLUSION

For all of the above-stated reasons, Mr. Tolley prays that this Court will overrule defendant Buzzards motion to dismiss.

Respectfully submitted,

**TRAVIS WAYNE TOLLEY**
**By Counsel**

By: **/s/ M. Paul Valois**
**M. Paul Valois (VSB No. 72326)**
**Counsel for Plaintiff**
**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**Telephone: (434) 845-4529**
**Facsimile: (434) 845-8536**
**[Email: mvalois@vbclegal.com]**

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2020, I electronically filed the foregoing Motion with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record /

/s/ M. Paul Valois

-4-