IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS WAYNE TOLLEY, *Plaintiff* | ) ) ) |
| v. | ) ) CASE NO. 7:19-cv-00863 |
| ALAN W. BUZZARD | ) ) ) |
| and | ) ) |
| BEN CALDWELL | ) ) ) |
| and | ) ) |
| GREG GARDNER *Defendants.* | ) ) |

**PLAINTIFF TRAVIS WAYNE TOLLEY'S MEMORANDUM IN OPPOSITION TO DEFENDANT BEN CALDWELL'S MOTION TO DISMISS (ECF 73)**

**LEGAL STANDARD**

"A motion to dismiss can only be granted if there is no set of facts that would entitle plaintiffs to a verdict on the claims in issue. Applicable standards state that the facts alleged in the complaint are accepted as true." *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974); *Franks v. Ross*, 313 F.3d 184,192 (4th Cir. 2002). "In addition, all reasonable inferences must be made in favor of plaintiffs. *Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969); *MacKethan v. Peat. Marwick. Mitchell & Co.*, 439 F. Supp. 1090 (E.D. Va. 1977). A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim." Id. (citing *Twombly*, 550 U.S. at 556)

## ARGUMENT AND AUTHORITIES

I.  **MR. TOLLEY ALLEGED FACTS SUFFICIENT TO STATE A PLAUSIBLE CLAIM AGAINST DEFENDANT CALDWELL IN COUNT ONE OF THE THIRD AMENDED COMPLAINT.**

Count Three of the third Amended Complaint alleges that defendant Caldwell, acting in concert with the other defendants, violated Mr. Tolley's Fourth Amendment rights by the unlawful search and seizure of his property. To this end, Mr. Tolley alleged with particularity that defendant Caldwell (i) unlawfully seized Mr. Tolley's JVC audio recorder and TV monotor on January 10, 2018, (ii) unlawfully seized Mr. Tolley's iPhone on March 1, 2018, (iii) unlawfully entered and searched Mr. Tolley's home on June 21, 2018,[1] (iv) unlawfully entered and searched Mr. Tolley's home again on September 6, 2018 and (v) unlawfully seized a DVR recorder on that date.

Defendant Caldwell responds that Mr. Tolley has not alleged the nature his personal involvement in the unlawful seizure of his property on January 10, 2018 and September 6, 2018 because Mr. Tolley alleged Caldwell acting jointly and in concert with other defendants. However, an allegation of concert of action is an allegation of personal participation in the action, and a defendant is not absolved of personal responsibility for misconduct because he works in concert with other defendants.

Caldwell contends that the nature of the search conducted on March 1, 2018 justified the seizure of Mr. Tolley's iPhone because interception of a call to the iPhone was "highly necessary" to some unspecified "illicit business" conducted on the premises and that a warrantless seizure of a telephone is reasonable during the execution of a search warrant when.

---

[1] Defendant Caldwell asserts that this date is inaccurate and that the actual date was June 16, 2018. If this assertion is determined to be correct, Mr. Tolley will seek leave to amend his complaint to correct the error.

The problem with this contention is that it lies outside of the facts alleged in the Third Amended Complaint; Mr. Tolley did not allege the basis for the search, there is no evidence of any illicit business in his home and there is no evidence that that the call from Mr. Tolley's girlfriend had anything to do with the purpose of the search. Instead, the Third Amended Complaint specifically alleges that one of the defendants was engaged in a sexual relationship with Mr. Tolley's girlfriend and that Trooper Caldwell only seized and attempted to search the iPhone upon recognizing that Mr. Tolley's girlfriend was calling.

With regard to defendant Caldwell's unlawful searches of Mr. Tolley's home, Trooper Caldwell asserts that Mr. Tolley has not alleged that the warrantless searches of his home were unreasonable. However, Mr. Tolley directly alleged that "[t]he Fourth Amendment prohibits unreasonable warrantless searches of homes." TAC ¶ 65  He further alleged that each of the defendants, including defendant Caldwell, violated his Fourth Amendment rights as described in the recitation of facts incorporated into the count. Thus, Mr. Tolley alleged that the warrantless searches of his home were unreasonable.

II. **MR. TOLLEY ALLEGED FACTS SUFFICIENT TO STATE A PLAUSIBLE CLAIM AGAINST DEFENDANT CALDWELL IN COUNT TWO OF THE THIRD AMENDED COMPLAINT.**

Count Two of the Third Amended Complaint ("TAC") alleges that defendant Caldwell acting jointly and in concert with the other defendants, violated Mr. Tolley's Fourth Amendment rights by unlawfully detaining him. Mr. Tolley specifically alleged that defendant Caldwell (i) participated in a unlawful search and seizure of an iPhone with another defendant while Mr. Tolley was handcuffed and naked, (ii) mocked and berated him when there was no legitimate reason to require him to stand naked for more than half an hour, while forcing him ro

recite a Bible verse.  TAC ¶¶ 27-47   These facts are sufficient to state a plausible claim that defendant Caldwell, acting jointly and in concert with the other defendants, unlawfully detained Mr. Tolley.

Mr. Tolley alleged with particularity that Mr. Tolley was detained and kept naked long after the officers had secured the premises and he also alleged that there was no need to prevent Mr. Tolley from dressing.  TAC ¶¶ 37 and 38.  The question to be decided pursuant to *La. County v. Rettele*[2] is whether "special circumstances, or possibly a prolonged detention" rendered Mr. Tolley's detention unlawful.  The Third Amended Complaint alleges both special circumstances (deliberately forcing Mr. Tolley to stand naked in the face of mocking and humiliation) and a needlessly prolonged detention.  Thus, Count Two of the Third Amended Complaint states a plausible claim against defendant Caldwell.

### III. THE PLAINTIFF ALLEGED FACTS SUFFICIENT TO STATE A PLAUSIBLE CLAIM AGAINST DEFENDANT CALDWELL IN COUNT THREE OF THE THIRD AMENDED COMPLAINT.

Count Three of the Third Amended Complaint alleges that defendant Caldwell, acting jointly and in concert with the other defendants, deprived Mr. Tolley of his his right to free exercise of religion.  Trooper Caldwell asserts that forcing a handcuffed and naked defendant, against his will, to recite a particular Bible verse after mocking him and berating his religious belief, is not a substantial governmental intrusion upon religious liberty.

Mr. Tolley does not allege that defendant Caldwell merely mocked his religious belief or destroyed his property, but that Trooper Caldwell compelled Mr. Tolley to engage in religious speech against his will.  This was simply an egregious and intolerable intrusion into Mr.

---
2   550 U.S. 609  (2009)

Tolley's right to the free exercise of his religious beliefs. See, *Abington School Dist. v. Schempp, 374 U.S. 203* (1963)  Thus, Count Three of the Third Amended Complaint states a plausible claim against defendant Caldwell.

## CONCLUSION

For all of the above-stated reasons, Mr. Tolley prays that this Court will overrule defendant Caldwell's motion to dismiss.

Respectfully submitted,

**TRAVIS WAYNE TOLLEY**
**By Counsel**

**By:     /s/ M. Paul Valois**
**M. Paul Valois (VSB No. 72326)**
**Counsel for Plaintiff**
**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**Telephone: (434) 845-4529**
**Facsimile: (434) 845-8536**
**[Email: mvalois@vbclegal.com]**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2020, I electronically filed the foregoing Motion with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record.

/s/  M. Paul Valois