IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS WAYNE TOLLEY,<br>    *Plaintiff* | )<br>)<br>) |
| v. | )    CASE NO. 7:19-cv-00863<br>) |
| ALAN W. BUZZARD | )<br>) |
| and | )<br>) |
| BEN CALDWELL | )<br>) |
| and | )<br>) |
| GREG GARDNER<br>    *Defendants*. | )<br>) |

**PLAINTIFF TRAVIS WAYNE TOLLEY'S MEMORANDUM IN OPPOSITION TO DEFENDANT GREG GARDNER'S MOTION TO DISMISS (ECF 75)**

**LEGAL STANDARD**

"A motion to dismiss can only be granted if there is no set of facts that would entitle plaintiffs to a verdict on the claims in issue. Applicable standards state that the facts alleged in the complaint are accepted as true." *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974); *Franks v. Ross*, 313 F.3d 184,192 (4th Cir. 2002). "In addition, all reasonable inferences must be made in favor of plaintiffs. *Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969); *MacKethan v. Peat. Marwick. Mitchell & Co.*, 439 F. Supp. 1090 (E.D. Va. 1977). A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim." Id. (citing *Twombly*, 550 U.S. at 556)

## ARGUMENT AND AUTHORITIES

I. **MR. TOLLEY ALLEGED FACTS SUFFICIENT TO STATE A PLAUSIBLE CLAIM AGAINST DEFENDANT GARDNER IN COUNT TWO OF THE THIRD AMENDED COMPLAINT.**

Count Two of the Third Amended Complaint ("TAC") alleges that defendant Gardner, acting jointly and in concert with the other defendants, violated Mr. Tolley's Fourth Amendment rights by unlawfully detaining him. Mr. Tolley specifically alleged that defendant Gardner deliberately humiliated him during his detention. TAC ¶ 30  He also alleged that defendant Gardner, acting jointly and in concert with the other defendants, mocked and berated Mr. Tolley as they forced him to stand naked without justification. TAC ¶ 28  These facts are sufficient to state a plausible claim that defendant Gardner, acting jointly and in concert with the other defendants, unlawfully detained Mr. Tolley.

Mr. Tolley alleged with particularity that Mr. Tolley was detained and kept naked long after the officers had secured the premises and he also alleged that there was no need to prevent Mr. Tolley from dressing. TAC ¶¶ 37 and 38  The question to be decided pursuant to *La. County v. Rettele*[1] is whether "special circumstances, or possibly a prolonged detention" rendered Mr. Tolley's detention unlawful. The Third Amended Complaint alleges both special circumstances (deliberately forcing Mr. Tolley to stand naked in the face of mocking and humiliation) and a needlessly prolonged detention. Thus, Count Two of the Third Amended Complaint states a plausible claim against defendant Gardner.

Defendant Gardner asserts that he is entitled to qualified immunity, but provides no authority or grounds in support of his assertion. Since *Rettele* was decided in 2009, law-

---

[1] 550 U.S. 609 (2009)

enforcement officers have been on notice that they may not needlessly extend detentions during the execution of search warrants and that they may not prevent subjects from dressing longer than necessary to protect their safety during the execution of search warrants. These prohibitions have been clearly established by the highest court of the land for more than a decade. Thus, defendant Gardner is not entitled to qualified immunity for the conduct alleged in the Third Amended Complaint.

II. **MR. TOLLEY CONCEDES THAT THE ALLEGED FACTS ARE INSUFFICIENT TO STATE A PLAUSIBLE CLAIM AGAINST DEFENDANT GARDNER IN COUNT THREE OF THE THIRD AMENDED COMPLAINT.**

Mr. Tolley concedes that the facts alleged in Third Amended Complaint are currently insufficient to state a plausible claim against defendant Gardner in Count Three. Mr. Tolley requests that Count Three be dismissed without prejudice with regard to defendant Gardner.

### CONCLUSION

For all of the above-stated reasons, Mr. Tolley prays that this Court will (i) overrule defendant Gardner's motion to dismiss with regard to Count Two of the Third Amended Complaint and (ii) dismiss Count Three of the Amended Complaint without prejudice with regard to defendant Gardner.

Respectfully submitted,

**TRAVIS WAYNE TOLLEY**
By Counsel

By: **/s/ M. Paul Valois**
**M. Paul Valois (VSB No. 72326)**
**Counsel for Plaintiff**
**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**

**Lynchburg, Virginia 24502**
**Telephone: (434) 845-4529**
**Facsimile: (434) 845-8536**
**[Email: mvalois@vbclegal.com]**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2020, I electronically filed the foregoing Motion with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record.

/s/  M. Paul Valois